[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Amy E. Miller, stands convicted by a court, sitting without a jury, of violating R.C. 4511.22. The pertinent part of that statute provides, "[n]o person shall stop or operate a vehicle * * * at such a slow speed as to impede or block the normal and reasonable movement of traffic * * *.
Except for relatively insignificant details, the operative facts are undisputed. The prosecutor adduced evidence that at 1:19 a.m., December 23, 1999, two uniformed Cincinnati police officers observed Miller as the sole occupant seated behind the steering wheel of a stationary passenger car. Her car was on a thoroughfare known as Gerard Street at its intersection with one known as East University Avenue. The officers were patrolling eastbound on East University and attempted to turn right,i.e., southbound, on Gerard, a street the width of three lanes. At the intersection, cars were parked on each of the two curb lanes, leaving only one available for the passage of traffic. Miller's car became visible to the officers as their turn began. It was positioned so that the turn could not be completed, and the rear of the police car projected partially into East University.
Miller's car remained stationary, according to the officers, for ten to fifteen seconds after they had pulled in behind it and had activated their signal lights. When, apparently, Miller became aware of their presence, she moved her car forward to a point near another intersection, where the traffic stop was then made.
The singular assignment of error is that the state's evidence was insufficient to support the conviction, an issue that was raised in the trial court pursuant to Crim.R. 29.
To reverse a conviction for insufficient evidence, a reviewing court must be persuaded, after viewing the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Statev. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. Sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a conviction is a question of law. Statev. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546.
The clear tenor of the state's case was that Miller, by having her car stationary in the only lane available for moving traffic for ten to fifteen seconds after the progress of the police car had been prevented, committed an act that was per se a violation of R.C. 4511.22. We cannot agree.
By its very terms, the statute does not proscribe every stop that impedes movement of traffic, but only those that are not reasonable. Here, without question, Miller blocked Gerard Street for no more than a quarter of a minute. Under the circumstances, when construed in a light most favorable to the prosecution, the blockage of travel was insignificant to the degree that no reasonable mind could have found that the essential elements of R.C. 4511.22 had been proven beyond a reasonable doubt. Accordingly, Miller's assignment of error is well taken.
The judgment of the trial court is reversed, and the defendant-appellant, Amy E. Miller, is discharged.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.